## GEORGE S. GLOVER *vs.* JOHN C. HAYDEN.

On an issue, submitted to a jury, whether an instrument, purporting to be the last will and testament of one deceased, was procured to be made by the undue and unlawful influence of the residuary legatee therein named, evidence having been introduced to prove the affirmative of the issue, it was held, that evidence was admissible, on the other side, that a large part of the property of the testatrix was derived by her by inheritance from her minor son, who died many years previous, and who was greatly attached to the residuary legatee, and had frequently expressed his intention, if he should attain the age of twenty-one years, to leave the bulk of his property to him, and that this intention was known to the testatrix.

THIS was an appeal from a decree of the judge of probate, for this county, approving and allowing an instrument produced by the appellee, as the last will and testament of Jane Hayden, late of Brookline, deceased. The appellant alleged that the instrument in question was procured to be made " by undue and unlawful influence of the said John C. Hayden," and an issue to that effect was made by order of the court and submitted to a jury. The trial was before *Fletcher,*

J., by whom the case was reported for the consideration of the whole court.

The appellant produced evidence tending to show, that the will was procured by the appellee, by means of undue and unlawful influence exercised by him over the mind of the testatrix. He also produced evidence to show the improbability, that the will would have been made by the testatrix, in the exercise of her own free will and discretion, for various reasons, and particularly on account of the large legacy therein to the appellee.

The appellee produced evidence tending to show, that the will made a natural and reasonable disposition of the testatrix's property, under the circumstances of the case; among which was the great regard and affection of the testatrix for the appellee and his family, who were devisees and legatees under the will to a large amount, the appellee being the residuary legatee.

The appellee then offered evidence to show, that a large part of the property of which the testatrix died seized and possessed was derived by her by inheritance from her son, David Hyslop, who died about the year 1831, under the age of twenty-one years, (at which time she was the wife of the appellee's father); that the son was greatly and affectionately attached to the appellee, and frequently expressed his purpose and intention, if he should arrive at the age of twenty-one, to leave the bulk of his property to him; that his health, for two or three years before his death, was very much impaired, and he often expressed fears that he might not live until he could lawfully dispose of his property by will.

The appellee also produced circumstantial evidence, that the attachment of her son to the appellee, and the intention of the former as to a disposition of his property, were known to the testatrix; but he did not offer any evidence, that the testatrix ever expressed any intention to make provision for the appellee in her will, in consequence of the relation of her son to the appellee, or on account of his intention in favor of the appellee, as above stated.

The appellant objected to this evidence, but it was admit-

49*

ted; and the jury returned a verdict, on the issue submitted to them, in favor of the appellee. The appellant thereupon moved that the verdict be set aside, and a new trial granted, on the ground, that the evidence objected to was not admissible, and should not have been permitted to go to the jury.

The point of the admissibility of the evidence objected to was argued at length in writing, by *P. Merrick*, and *E. Dexter*, for the appellant, who cited Best on Presumptions, 12, 246; Wills, Circ. Ev. 37; 1 Stark. Ev. 40; *Ellis* v. *Short*, 21 Pick. 142; and by *R. Choate* and *E. Wilkinson*, for the appellee, who referred to *Patterson* v. *Patterson*, 6 S. & R. 55; Waddilove's Dig. 320; 1 Jarm. Wills (2d Am. ed.) 80; *Davis* v. *Calvert*, 5 Gill & J. 269; *Saph* v. *Atkinson*, 1 Add. Ec. 162; *Sperry* v. *Wilcox*, 1 Met. 267; *State* v. *McAllister*, 11 Shep. 139.

WILDE, J.  This case has been elaborately argued by counsel, but it appears to the court to be a very clear case.

The issue tried on the appeal was taken by the order of court on the allegation of the appellant, that the will of Jane Hayden, which was approved and allowed by the judge of probate, was procured by the appellee by undue and unlawful influence over the testatrix.

To support the issue on his part, the appellant produced evidence tending to show the improbability that the will would have been made by the testatrix, in the exercise of her own free will and discretion.  To rebut this evidence, and to show a motive for the devise and legacy to the appellee, without any influence on his part, he produced evidence to prove, that a large part of the property, of which the testatrix died seized and possessed, was derived by her by inheritance from her son David Hyslop, who was greatly and affectionately attached to the appellee, and frequently expressed his intention, if he should arrive at the age of twenty-one years, of bequeathing the bulk of his property to him. And the appellee also offered circumstantial evidence tending to show, that this intention of the said David was known to his mother.  To the admission of this evidence the appellant objected, but it was admitted and to this admission he

excepts. We cannot, however, doubt, that the evidence was competent, and was rightfully left to the jury, who were the proper judges of its weight and bearing on the issue. The objection is, that the evidence was irrelevant, and calculated to mislead the jury, and to distract their attention. But if the evidence was wholly irrelevant, it is difficult to imagine how it could mislead the jury, or distract their attention, to the prejudice of the appellant. The evidence is very different from that admitted in the case of *Ellis* v. *Short*, 21 Pick. 142. We think the rule is correctly laid down by Morton, J., in that case: "We do not believe," he says, "that any inadvertent admission of irrelevant evidence, whether it may have affected the verdict or not, ought to be deemed a sufficient cause for granting a new trial. But this is a discretion which the court will exercise with caution; and which it will confine to cases where there can be no reason to apprehend that the irrelevant evidence could have had any improper influence on the jury."

If then the evidence objected to was irrelevant, we think the case would come within this rule, and that a new trial should not be granted on this ground; for we think there is no reason to apprehend, that the evidence could have had any improper influence upon the jury. We are not, however, of the opinion, that the evidence was irrelevant. That a mother, who had inherited a large property from her son, should, in the disposition of it by her will, after she had done with it, regard the wishes of her son, is certainly probable. But if the evidence had any bearing on the issue, it was rightly admitted; for there was other strong evidence to show the motives which the testatrix had to dispose of her property, as she did, in favor of the respondent. It was proved, that she entertained great affection and regard for him and his family. It is said by the counsel for the appellant, that " The most that can be said is, that the wishes of her son might possibly have influenced her mind; but it is equally possible, that they might not. In this state of things, the evidence is not admissible. The facts must have a predominating tendency in favor of the influence, or they are not admissible in evidence." But

certainly this is not the rule; for the evidence of every fact
having any bearing on the issue is admissible, and is not
irrelevant, although it has not alone a predominating influ-
ence to establish the fact attempted to be proved. Nor is
the question as to the sufficiency of the whole evidence to
disprove the allegation, that the will was procured by the
undue influence of the respondent. Nor is there any legal
presumption, as the counsel for the appellant contend, that
a mother, who, at the time of her child's death, manifested no
purpose to dispose of his property in the manner indicated by
him, and who never afterwards, during the twenty years which
she survived him, adverted to the wishes and purposes of her
son, as the ground or basis of her disposition of the property,
would not, under such circumstances, be likely to find a guide
in those wishes for herself in the making of her own will. This
question being for the jury to decide, upon the whole evi-
dence, and upon the whole matter, we are clearly of opinion
that the evidence objected to was rightly admitted, and that
it was not irrelevant, although perhaps it had no great
weight.                                    *Judgment on the verdict.*